UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KEVIN CASSADY,                                      )
                        Plaintiff,                  )
                                                    )          No. 1:21-cv-717
-v-                                                 )
                                                    )          Honorable Paul L. Maloney
DANIEL LOEPP and                                    )
BLUE CROSS BLUE SHIELD,                             )
                        Defendants.                 )
_____           )

## ORDER DISMISSING LAWSUIT

Kevin Cassaday, proceeding without counsel, filed this lawsuit against Daniel Loepp and Blue Cross Blue Shield. Loepp is the CEO of Blue Cross Blue Shield. Plaintiff filed an amended complaint which is the controlling pleading. The Court concludes that the complaint fails to plead sufficient facts to support a federal claim and will dismiss the lawsuit.

I.

Plaintiff used a court approved form for his initial complaint. The form should be used for civil rights complaints brought by individuals who are not prisoners. The form assumes that the claims arise under 42 U.S.C. § 1983 and that the plaintiff is suing government officials. As best the Court can tell, Plaintff has had insurance through Blue Cross Blue Shield. Plaintiff has attempted over the years to get medical treatment and has been denied. Plaintiff alleged claims under (1) 18 U.S.C. § 1091 for genocide, (2) 18 U.S.C. § 1503 for obstruction of justice, (3) 18 U.S.C. § 1961 for racketeering, and (4) multiple provisions of the Michigan Constitution.

Because Plaintiff was granted leave to proceed *in forma paperis*, the Magistrate Judge reviewed the complaint and issued a report recommending the Court dismiss the complaint as frivolous.  (ECF No. 7.)  Plaintiff filed objections.  (ECF No. 8.)

Before the Court considered the pending report, recommendation and objections, on September 15, 2021, Defendants filed a motion to dismiss.   (ECF No. 9.)   Rule 15(a)(1)(B) permits a plaintiff to file an amended complaint within 21 days after service of a Rule 12(b) motion.  Twenty days after Defendants filed their motion to dismiss, on October 4, 2021, Plaintiff filed an amended complaint. (ECF No. 11.)  When  filed,  an  amended complaint supersedes the original complaint, which becomes a nullity.  *See Hayward v. Cleveland Clinic Found.*, 759 F.3d 601, 617 (6th Cir. 2014) (citing 6 Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1476 (3d ed. 2010)); *Drake v. City of Detroit*, 266 F. App'x 444, 448 (6th Cir. 2008).  Thus, the amended complaint renders the report and recommendation and the first motion to dismiss moot.

Accordingly, the Court will dismiss the report and recommendation and the first motion to dismiss.

## II.

Plaintff did not use a court approved form for his amended complaint.  The pleading is not a model of clarity.  As best the Court can tell, Plaintiff alleges that when Loepp assumed his position at Blue Cross Blue Shield he put cost saving measures in place that function to deny access to health care to those insured by Blue Cross Blue Shield.  He considers himself the victim of a crime.  As authority for his claims, Plaintiff identifies provisions of the Michigan Constitution, the Michigan Penal Code, Michigan's Public Health Code, and

Michigan's Social Welfare Act.  Plaintiff contends Loepp has embezzled money through "back door contracts" with doctors.

Plaintiff also asserts he has been denied equal rights in health care, reasoning that Loepp has built a racist system.

Although Rule 15 authorized Plaintiff to file his complaint as a matter of right, because he has been granted to proceed *in forma pauperis*, the Court must conduct an initial screening of the amended complaint under 28 U.S.C. § 1915(e)(2).  *See Moses v. Gardner*, No. 17-5497, 2017 WL 9251805, at *2 (6th Cir. Nov. 9, 2017) ("Because the district court granted Moses leave to proceed in forma pauperis, her amended complaint was therefore subject to screening and sua sponte dismissal pursuant to § 1915(e)(2).").  This Court's review follows the standards for a motion to dismiss under Rule 12(b)(6), as those standards were outlined in *Ashcroft v. Iqbal*, 556 U.S. 662, 667-79 (2009) and in *Bell Atlantic Corporation v. Twombly*, 550 U.S. 554, 555-57 (2007), and by more recent opinions issued by the Sixth Circuit Court of Appeals.

To survive a motion to dismiss, a plaintiff must allege facts sufficient to state a claim for relief that is "plausible on its face" and, when accepted as true, are sufficient to "raise a right to relief above the speculative level."  *Mills v. Barnard*, 869 F.3d 473, 479 (6th Cir. 2017) (citation omitted).  "A claim is plausible on its face if the 'plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'"  *Ctr. for Bio-Ethical Reform, Inc. v. Napolitano*, 648 F.3d 365, 369 (6th Cir. 2011) (quoting *Twombly*, 550 U.S. at 556).  "The complaint must 'contain either direct or inferential allegations respecting all material elements necessary for recovery under

a viable legal theory.'" *Kreipke v. Wayne State Univ.*, 807 F.3d 768, 774 (6th Cir. 2015) (citation omitted).  When considering a motion to dismiss, a court must accept as true all factual allegations, but need not accept any legal conclusions.  *Ctr. for Bio-Ethical Reform,* 648 F.3d at 369.   Naked assertions without further factual enhancement, formulaic recitations of the elements of a cause of action, and mere labels and conclusions will be insufficient for a pleading to state a plausible claim.  *SFS Check, LLC v. First Bank of Delaware*, 774 F.3d 351, 355 (6th Cir. 2014) (citations omitted).

Plaintiff's amended complaint makes only one reference to a claim that might arise under federal law, his assertion that he has been denied equal rights to health care.  All of Plaintiff's other claims, at least as he had described them, arise under state law.

Plaintiff's equal protection claim fails to plead sufficient facts to state a claim for which this Court may grant relief.  The Equal Protection claim is little more than a one-sentence assertion.  (PageID.98.)  Plaintiff pleads no facts and no details to support the claim.  The Equal Protection Clause functions as a prohibition against state actors, not private entities. *See Jackson v. Metro. Edison Co.*, 419 U.S. 345, (1974) (holding that the Fourteenth Amendment offers "no shield" against "private conduct, 'however discriminatory or wrong.'") (citation omitted).   Plaintiff has not attempted to show how Defendants qualify as state actors.  *See, e.g., Brentwood Acad. v. Tennessee Secondary Sch. Ass'n*, 531 U.S. 288, 295 (2001) ("Our cases try to plot a line between state action that is subject to the Fourteenth Amendment scrutiny and private conduct (however objectionable) that is not.").

Having found that Plaintiff does not sufficiently plead a federal claim, the Court declines to exercise supplemental jurisdiction over his state law claims.  *See* 28 U.S.C. §

1367(c)(3); *Artis v. Dist. of Columbia*, 138 S. Ct. 594, 597-98 (2018) ("When district courts dismiss all claims independently qualifying for the exercise of federal jurisdiction, they ordinarily dismiss as well all related state claims.").

### III.

For the reasons provided above, the Court (1) **DISMISSES AS MOOT** the Report and Recommendation (ECF No. 7) and Defendant's first motion to dismiss (ECF No. 9.); (2) **DISMISSES with prejudice** Plaintiff's Equal Protection claim alleged in his amended complaint; (3) **DISMISSES without prejudice** Plaintiff's state law claims in his amended complaint; and (4) **DISMISSES AS MOOT** Defendants' second motion to dismiss (ECF No. 12.)

**IT IS SO ORDERED.**

Date:     October 18, 2021                                /s/  Paul L. Maloney
                                                                          Paul L. Maloney
                                                                          United States District Judge