UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | | |
|---|---|---|
| KEVIN CASSADAY, | ) | |
|         Plaintiff, | ) | |
| | ) | No. 1:21-cv-717 |
| -v- | ) | |
| | ) | Honorable Paul L. Maloney |
| DANIEL LOEPP and | ) | |
| BLUE CROSS BLUE SHIELD, | ) | |
|         Defendants. | ) | |
| | ) | |

### ORDER DENYING LEAVE TO FILE AMENDED COMPLAINT

The controlling pleading in this lawsuit is Plaintiff's amended complaint. (ECF No. 11.) Plaintiff has been granted in forma pauperis status and, as required by 28 U.S.C. § 1915(e), the Court reviewed the amended complaint to determine whether the pleading was frivolous or otherwise failed to state a claim. The Court concluded that the only federal claim pled, a claim for denial of equal protection of the laws, failed to plead sufficient facts to state a claim. (ECF No. 16.) And, the Court declined to exercise supplemental jurisdiction over the state law claims.

Between the time the Court reviewed the amended complaint and drafted the order and the time the order entered, the Clerk docketed another document which Plaintiff titled "Plaintiff Complaint." (ECF No. 15 PageID.180.) The Court has reviewed the document and will deny Plaintiff leave to file an amended complaint.

I.

First, Plaintiff must seek permission to file a second amended complaint. Rule 15 of the Federal Rules of Civil Procedure governs amendments to pleadings. After Defendants

filed a motion to dismiss, Plaintiff filed an amended complaint, which he was permitted to do under Rule 15(a)(1)(B). Rule 15(a)(1) allows a party to "amend its pleadings *once* as a matter of course." Plaintiff has already amended his complaint once. To amend his complaint a second time, Plaintiff must rely on Rule 15(a)(2), which requires the opposing party's written consent or the court's permission. Plaintiff had not filed any written consent by Defendants. And, Plaintiff has neither asked for nor received from the Court permission to file a second amended complaint.

II.

Second, the proposed second amended complaint fails to plead sufficient facts to state a claim. As required by § 1915(e), the Court has reviewed the lengthy document. The standard under § 1915(e)(2)(B)(ii) for failure to state a claim is the same as the standard for a Rule 12(b)(6) motion. The complaint need not contain detailed factual allegations, but it must include more than labels, conclusions, and formulaic recitations of the elements of a cause of action. *See Ashcroft v. Iqbal*, 556 U.S. 662, 768 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). To survive a Rule 12(b)(6) motion, a plaintiff must allege facts sufficient to state a claim for relief that is "plausible on its face" and, when accepted as true, are sufficient to "raise a right to relief above the speculative level." *Mills v. Barnard*, 869 F.3d 473, 479 (6th Cir. 2017) (citation omitted). "A claim is plausible on its face if the 'plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Ctr. for Bio-Ethical Reform, Inc. v. Napolitano*, 648 F.3d 365, 369 (6th Cir. 2011) (quoting *Twombly*, 550 U.S. at 556). "The complaint must 'contain either direct or inferential allegations respecting all material

elements necessary for recovery under a viable legal theory.'" *Kreipke v. Wayne State Univ.*, 807 F.3d 768, 774 (6th Cir. 2015) (citation omitted).

In the newly filed document, Plaintiff identifies five statutes for his federal claims.

A. Plaintiff first cites 42 U.S.C. § 1983. Plaintiff names as defendants two private entities. He has not sued a governmental entity, an arm of the state or a governmental employee. To state a claim under § 1983, the defendant must have acted "under color of law." Absent a limited exception, which Plaintiff has not pled, "[a] plaintiff may not proceed under § 1983 against a private party, 'no matter how discriminatory or wrongful' the party's conduct." *Tahfs v. Proctor*, 315 F.3d 584, 590 (6th Cir. 2003). Plaintiff must, therefore, rely on some other statute to seek relief against Defendants.

B. Plaintiff cites the Genocide Convention Implementation Act, 18 U.S.C. § 1091. Plaintiff has not alleged sufficient facts to state a civil claim under the genocide statute. Plaintiff has not pled what the statute requires, "the specific intent to destroy, in whole or in substantial part, a national, ethnic, racial, or religious group[.]" 18 U.S.C. § 1091(a). And, the next provision of the statue appears to preclude Plaintiff from bring his claim: ". . . nor shall anything in this chapter be construed as creating any substantive or procedural right enforceable by law by any party in any proceeding." 18 U.S.C. § 1092.

C. Plaintiff cites a criminal statute which concerns the intimidation of government employees and jurors, 18 U.S.C. § 1503. Section 1503(a) prohibits "endeavors to influence, intimidate, or impede any grand or petit juror, or officer in or of any court of the United States, or officer who may be serving at an examination or other proceeding before any United States magistrate judge or other committing magistrate, in the discharge of his duty, .

. . or endeavors to influence, obstruct, or impede the due administration of justice, shall be punished as provided in subsection (b)." Plaintiff has not pled sufficient facts to show any specific attempt by either defendant to obstruct the administration of justice. More problematic, § 1503 must be enforced by the Government through a criminal prosecution. The statute does not create a private right of action that would permit a claim to be brought in a civil lawsuit like this one. *See Hopson v. Weinburg Attorney's At Law*, No. 3:12cv802, 2013 WL 557263, at *2 (W.D. Ky. Feb. 12, 2013) (collecting cases).

    D.  Plaintiff cites the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. § 1961. To state a claim under RICO, a plaintiff must plead "a pattern of racketeering activity," which "requires, at a minimum, two acts of racketeering activity within ten years of each other." *Heinrich v. Waiting Angels Adoption Servs., Inc.*, 668 F.3d 393, 409 (6th Cir. 2012). For the acts to be a pattern, the plaintiff must plead facts to show "that the racketeering predicates are related, *and* that they amount to or pose a threat of continued criminal activity." *Id.* (italics in original; citation omitted). A plaintiff must plead the predicate acts "with sufficient particularity." *Brown v. Cassens Transp. Co.*, 546 F.3de 347, 354 (6th Cir. 2008); *see, e.g., Moon v. Harrison*, 465 F.3d 719, 727 (6th Cir. 2006) (finding that "under the fact-specific continuity inquiry, Moon has not alleged facts sufficient to establish a pattern of racketeering activity."). Plaintiff's allegations do not include the details and particularity necessary to maintain a RICO claim. At best, Plaintiff makes broad, sweeping allegations of wrongdoing without sufficient supporting details. *See SFS Check, LLC v. First Bank of Delaware*, 774 F.3d 351, 355 (6th Cir. 2014) (citations omitted)

(explaining that "naked assertions devoid of further factual enhancement" and mere "labels and conclusions" do not plead sufficient facts to state a claim).

E.  Plaintiff refers the statutory provisions of the Affordable Care Act that prohibit discrimination. Plaintiff does plead that he is a member of a minority group, a Native American. Plaintiff, however, does not allege any facts to show discrimination, meaning different treatment based on his membership in a protected group.

F.  Plaintiff also references multiple provisions of the Michigan Constitution and other state authority. Having concluded that Plaintiff has not pled facts to support a claim under federal law, the Court would decline to exercise supplemental jurisdiction over Plaintiff's claims under state law.

### III.

For these reasons, the Court **DENIES** Plaintiff leave to file a second amended complaint and DISMISSES the proposed pleading. (ECF No. 15.)

The Court has reviewed the amended complaint and the proposed second amended complaint for the purpose of deciding whether an appeal would be taken in good faith. The Court concludes, based on an objective view of Plaintiff's pleading and proposed pleading, any appeal would be frivolous. The Court **DENIES** a good faith certification.

**IT IS SO ORDERED.**

Date:   October 20, 2021                           /s/  Paul L. Maloney
                                                   Paul L. Maloney
                                                   United States District Judge